UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> FREDERICK HARDY, et al., <br><br> Defendants. | Criminal Action No. 91-cr-10180-ADB |

## **MEMORANDUM AND ORDER DENYING MOTION TO SEAL**

BURROUGHS, D.J.

In 1995, Defendant Fred Hardy was convicted in the District of Massachusetts of three federal firearm offenses. Presently pending before the Court is Mr. Hardy's Motion to Seal His Criminal Record. [ECF No. 151]. For the reasons set forth herein, the Court <u>DENIES</u> the motion.

**I. BACKGROUND**

On July 20, 1995, Mr. Hardy pleaded guilty in the District of Massachusetts to three counts, including one count of possession of a firearm as a felon, one count of possession of ammunition as a felon, and one count of possession of an unregistered firearm. 18 U.S.C. § 922(g)(1); 26 U.S.C. § 5861(d). He was sentenced to 120 months of incarceration and three years of supervised release.

Following affirmance of the Court's decision by the First Circuit Court of Appeals, the case lay dormant until April 20, 2017, when Mr. Hardy asked the Court to seal his related criminal record. In his Motion to Seal, Mr. Hardy states that he had been working as a driver for Uber and Lyft for the past several months but that a recent criminal background check performed

by the companies returned information about his conviction that prevented him from continuing that work. He seeks to have his criminal record sealed in order to return to working as a driver.

**II. DISCUSSION**

In the United States, there is "a presumption that the public has a common-law right of access to judicial documents." In re Providence Journal Co., 293 F.3d 1, 9 (1st Cir. 2002) (citing Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597–98 (1978)). "This presumption 'stems from the premise that public monitoring of the judicial system fosters the important values of 'quality, honesty and respect for our legal system.'" United States v. MasMarques, No. 09-10304-MLW, 2015 WL 5609957, at *2 (D. Mass. Sept. 22, 2015) (quoting Siedle v. Putnam Investments, Inc., 147 F.3d 7, 9–10 (1st Cir. 1998)). The public right of access is not absolute, and a court considering a motion to seal can consider "important countervailing interests" and "must carefully balance the competing interests that are at stake." Siedle, 147 F.3d at 10. The Court has "considerable leeway," however, in making determinations of whether to seal judicial records. Id.

Here, Mr. Hardy asks the Court to seal his record so that he can continue working for Uber and Lyft. He has failed to show that his interests in sealing the record outweigh the default presumption that judicial records are open to the public. As the court noted in MasMarques, sealing criminal records "solely because the record has an adverse effect on defendant's livelihood . . . would vitiate the presumptive public right of access." 2015 WL 5609957, at *2. "If courts were to allow the stigma resulting from the public record of a case to outweigh the public right of access, then virtually all criminal records would be sealed." Id. The interest in the public right of access cannot be outweighed solely by an adverse effect on Mr. Hardy's ability to work for a particular company.

To the extent that Mr. Hardy's motion to seal the entire case record could be construed as a motion to expunge his criminal record, the motion must also be denied. See MasMarques, 2015 WL 5609957, at *2 (analyzing motion to seal and expunge separately); United States v. Easton, No. 00-cr-40036-DHH, 2013 WL 2302111, at *1 n.1 (D. Mass. May 23, 2013) (analyzing "motion to seal and/or expunge" as the functional equivalent of motion to expunge). "With respect to criminal records, expunction refers to the process of sealing or destroying the record of a criminal conviction after expiration of a certain time." United States v. Coloian, 480 F.3d 47, 48 n.2 (1st Cir. 2007) (citing United States v. Johnson, 941 F.2d 1102, 1111 (10th Cir. 1991)).

The Court does not have the jurisdiction to expunge Mr. Hardy's criminal record on equitable grounds. The subject matter jurisdiction of federal district courts extends to "all offenses against the laws of the United States." 18 U.S.C. § 3231. Federal law specifically provides for expungement of criminal records only in narrow circumstances, such as when the public record is inaccurate or when convictions are overturned. See Coloian, 480 F.3d at 49 n.4. Federal courts have also allowed the expungement of criminal records of arrests or prosecutions that violated federal statutes or the Constitution. Id. Mr. Hardy, however, does not rely on any statutory or constitutional basis in his motion; thus, he appears to ground his motion only in equitable considerations. The Court does not have ancillary jurisdiction to expunge Mr. Hardy's record on equitable grounds. See Id. at 51–52 (holding that district court lacked the jurisdiction "to consider [defendant's] request for expungement of his criminal record on equitable grounds"); see also Easton, 2013 WL 2302111, at *1 (relying on Coloian and holding that court lacked jurisdiction to expunge record); MasMarques, 2015 WL 5609957, at *2 (same).

## III.  CONCLUSION

Accordingly, Mr. Hardy's Motion to Seal His Criminal Record [ECF No. 151] is DENIED.

**SO ORDERED.**

Dated: June 7, 2017                                        /s/ Allison D. Burroughs
                                                          ALLISON D. BURROUGHS
                                                          U.S. DISTRICT JUDGE